IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| UNITED STATES OF AMERICA | ) | CR. NO.: 2:25-cr-358 |
|---|---|---|
| | ) | |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 666 |
| vs. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1346 |
| | ) | 18 U.S.C. § 1956 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| DONAVAN LAVAL MOTEN | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| | ) | INFORMATION |
| | ) | (UNDER SEAL) |
| | ) | |

1. **DONAVAN LAVAL MOTEN** is a resident of North Charleston, South Carolina. Core4Success Foundation is a non-profit organization that was formed under South Carolina law in August 2018. **DONAVAN LAVAL MOTEN** is the founder and registered agent of Core4Success.

2. North Charleston is a municipality in South Carolina. From 2019 to 2024, North Charleston received over $10,000 in federal funds each fiscal year.

3. The North Charleston City Council is the elected body clothed with the power and authority to make rules and pass ordinances in North Charleston. The North Charleston City Council is comprised of an at-large mayor and ten council members elected from single-member districts every four years. North Charleston City Council has the power and duty to:

    a. exercise the corporate powers of the City of North Charleston;
    b. consider and enact legislation;
    c. set official city policy;
    d. hold public hearings on matters concerning zoning and grant funds;
    e. approve franchises, enact business license fees, and levy taxes;

1

  f. adopt an annual budget; and
  g. approve or disapprove requests for zoning.

The North Charleston City Council meets the first and third Thursday of every month. The Public Safety Committee is a committee of the North Charleston City Council comprised of all members of City Council. The Public Safety Committee meets the third Thursday of every month during regularly scheduled City Council meetings.

  4. Jerome Sydney Heyward ("Heyward"), charged elsewhere, is a resident of North Charleston, South Carolina. In November 2019, Heyward was elected to the North Charleston City Council, representing District Five. At all times relevant to this Information, Heyward served as a member of the North Charleston City Council. In addition to serving as a North Charleston City Councilman, Heyward worked as a "consultant" and owned a consulting business, "Heyward Consulting." Heyward manages and controls a bank account for Heyward Consulting titled J S Heyward Consulting LLC.

  5. As a member of the North Charleston City Council, Heyward is a public official subject to the provisions of South Carolina's Ethics Reform Act. *See* S.C. Code §§ 8-13-100 *et seq.*

  6. Rose Emily Lorenzo ("Lorenzo"), charged elsewhere, is a North Carolina resident who operates a non-profit as well as a business services firm doing business as Lorenzo Financial Services LLC ("Lorenzo Financial"). Lorenzo Financial was incorporated under the laws of the State of North Carolina in January 2022. Through Lorenzo Financial, Lorenzo provides bookkeeping, tax preparation, and business advisory services to clients.

  7. In April 2022, the City of North Charleston began discussing whether to distribute funds to non-profits in an effort to reduce violent crime ("violence reduction grants"). The City

assembled a group to solicit applications from non-profit organizations and then decide which groups would ultimately receive funds.

8. With support and encouragement from Heyward, Core4Success applied for violence reduction grant funds from the City of North Charleston. In exchange for his support of Core4Success' application, **DONAVAN LAVAL MOTEN** agreed to pay Heyward twenty percent of any monies the non-profit received from the City of North Charleston as a kickback. Lorenzo agreed to allow Heyward and **DONAVAN LAVAL MOTEN** to launder the money through Lorenzo Financial's business checking account to conceal the source and destination of the funds.

## COUNT 1
### Conspiracy to Commit Bribery with Respect to Programs Receiving Federal Funds and Honest Services Wire Fraud, Title 18 U.S.C. Section 371

9. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 9 of this Information as if fully set forth herein:

10. Beginning in April 2022, and continuing until in or about July 2024, in the District of South Carolina and elsewhere, the Defendant **DONAVAN LAVAL MOTEN**, and others, both known and unknown to the United States Attorney, did knowingly and willfully conspire and agree together and with each other, to commit the following offenses against the United States:

   a. **Bribery and Kickbacks Concerning Programs Receiving Federal Funds**: that is, for the Defendant **DONAVAN LAVAL MOTEN**, together with and aided and abetted by Rose Lorenzo and others known and unknown to the United States Attorney, to corruptly give, offer, and agree to give anything of value to Jerome Sydney Heyward, charged elsewhere, who was an agent of the City of North Charleston, a City which during the relevant one-year period received federal benefits in excess of $10,000,

intending to influence and reward Heyward in connection with business, a transaction, and a series of transactions of the City of North Charleston involving anything of value of $5,000 or more; that is, the awarding of violence reduction grants by the City of North Charleston to Core4Success, in violation of Title 18, United States Code, Sections 666(a)(2), (b) and 2; and

b. **Honest Services Wire Fraud**: that is, for the Defendant **DONAVAN LAVAL MOTEN**, Jerome Sydney Heyward, Rose Lorenzo, and others known and unknown to the United States Attorney, to devise and intend to devise a scheme and artifice to defraud and deprive the citizens of North Charleston and the government of the City of North Charleston of their right to honest and faithful services of Heyward, a North Charleston City Councilmember, through bribery and kickbacks, in violation of Title 18, United States Code, Sections 1343 and 1346.

Purposes of the Conspiracy

11. It was a purpose of the conspiracy for **DONAVAN LAVAL MOTEN**, Heyward, and Lorenzo to enrich themselves, Core4Success, and their businesses by exploiting Heyward's official position as a North Charleston City Councilmember.

12. It was further part of the conspiracy for Heyward to obtain bribes and kickbacks from **DONAVAN LAVAL MOTEN** in exchange for his influence on North Charleston City Council and support of Core4Success's application to receive funds from the violence reduction grants.

13. It was a further purpose of the conspiracy for **DONAVAN LAVAL MOTEN**, Heyward, and Lorenzo to conceal their corrupt scheme from other North Charleston City Councilmembers and the citizens of North Charleston.

Manner and Means of the Conspiracy

14. The manner and means of the conspiracy included, but were not limited to, the following:

15. Beginning in or around April 2022, Heyward agreed with **DONAVAN LAVAL MOTEN** to use his official position as a North Charleston City Councilmember to support the awarding of violence reduction grants to the Core4Success non-profit organization by the City of North Charleston, influence other City Councilmembers to support the awarding of violence reduction grants, and vote to approve the proposed ordinance authorizing the City of North Charleston to distribute funds to non-profits, including Core4Success. In exchange, **DONAVAN LAVAL MOTEN** agreed to kick back a portion of the grant monies received from the City of North Charleston to Heyward.

16. In the Spring 2022, Core4Success applied for violence reduction grant funds that the City of North Charleston intended to award to non-profits.

17. On November 15, 2022, the City of North Charleston's Finance Committee convened to consider nine items on its agenda, including a recommendation to award money to non-profits as part of its initiative to reduce gun violence in the community. Heyward is a member of the Finance Committee and participated in the consideration of the proposal. Heyward voted in favor of recommending to Council that the City award funds to non-profits, including Core4Success. Heyward did not disclose his corrupt agreements with **DONAVAN LAVAL MOTEN** when the matter was presented to the Finance Committee and put to a vote.

18. On December 8, 2022, City Council convened a meeting to consider an agenda that included a proposed ordinance authorizing the City of North Charleston to award violence reduction grants. Heyward was present at the meeting and—without disclosing his personal

financial interest or the corrupt agreement with **DONAVAN LAVAL MOTEN**—voted in favor of awarding grants to the non-profits, including Core4Success.

19. On December 15, 2022, the City of North Charleston issued a check for $100,000 to Core4Success. Heyward directed **DONAVAN LAVAL MOTEN** to remit his kickback through Lorenzo for the purpose of concealing the payment.

20. On December 23, 2022, Core4Success, through **DONAVAN LAVAL MOTEN**, obtained a cashier's check for $20,000 made payable to Lorenzo Financial. That same day, the check was deposited into Lorenzo Financial's business checking account.

21. On December 27, 2022, Lorenzo Financial wired $40,000 to Heyward's checking account. The $40,000 kickback represented the sum of the monies Lorenzo Financial received from Core4Success and another nonprofit. Thus, $20,000 of the money was **DONAVAN LAVAL MOTEN's** contribution through Core4Success.

22. In addition to the $40,000 Lorenzo wired to Heyward, Lorenzo received at least $7,200 from Core4Sucess.

Overt Acts in Furtherance of the Conspiracy

23. In furtherance of the conspiracy, and to achieve its purposes, **DONAVAN LAVAL MOTEN**, Heyward, and Lorenzo, and others known and unknown to the United States Attorney, committed the following overt acts, among others, in the District of South Carolina and elsewhere:

   a. In the Spring 2022, Core4Success applied for a violence-reduction grant that the City of North Charleston intended to award to non-profits.

   b. On November 18, 2022, the City of North Charleston's Finance Committee, of which Heyward is a member, convened a meeting to consider, among other items, a

6

recommendation to award violence reduction grants to non-profits. Heyward voted in favor of recommending that the City of North Charleston award such grants.

c. On December 15, 2022, the City of North Charleston City Council convened a meeting to consider a variety of proposals, including an ordinance authorizing the City to disperse $1,200,000 in violence reduction grants to non-profits, including Core4Success. Heyward was present at the meeting and voted in favor of the ordinance.

d. On December 23, 2022, **DONAVAN LAVAL MOTEN** deposited a $100,000 check from the City of North Charleston into Core4Success's checking account, and on the same day purchased a cashier's check for $20,000 made payable to Lorenzo Financial.

e. On December 27, 2022, Lorenzo wired $40,000 from a checking account belonging to Lorenzo Financial to a checking account belonging to Heyward. The $40,000 wire from Lorenzo Financial included $20,000 from **DONAVAN LAVAL MOTEN**;

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Theft with Respect to Programs Receiving Federal Funds, Title 18 U.S.C. Sections 666(a)(1)(A) and (b) and 2

24. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information as if fully set forth herein:

25. Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendant **DONAVAN LAVAL MOTEN**, together with and aided and abetted by Jerome Sydney Heyward, being an agent and representative of the City of North Charleston, a local government agency that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, and other forms of Federal assistance in a one year period, and by Rose Emily Lorenzo, and others known and unknown to

the United States Attorney, embezzled, stole, obtained by fraud, without authority knowingly converted to the use of any person other than the rightful owner, and intentionally misapplied property worth $5,000 or more and owned by, under the care of, under the custody of, and under the control of the City of North Charleston, that is: **DONAVAN LAVAL MOTEN** fraudulently obtained money from the City of North Charleston by concealing an agreement with Heyward to kick back twenty percent of the violence reduction grant funds in exchange for Heyward's official action inducing payments from the City of North Charleston to Core4Success and other nonprofits;

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

### COUNT 3
### Bribery with Respect to Programs Receiving Federal Funds
### Title 18, U.S.C. Sections 666(a)(2) and (b) and 2

26. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information as if fully set forth herein:

27. Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendant **DONAVAN LAVAL MOTEN**, aided and abetted by others known and unknown to the United States Attorney, did corruptly give, offer, and agree to give things of value to Jerome Sydney Heyward, an agent of the City of North Charleston, a City which during the relevant one-year period received federal benefits in excess of $10,000, intending to influence and reward Jerome Sydney Heyward in connection with a business, transaction, and a series of transactions involving $5,000 or more, that is, the awarding of $100,000 to Core4Success from the violence reduction grant funds;

All in violation of Title 18, United States Code, Section 666(a)(2), (b) and 2.

## COUNT 4
## Honest Services Wire Fraud
## Title 18, U.S.C. Sections 1343, 1346, and 2

28. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information as if fully set forth herein:

29. Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendant, **DONAVAN LAVAL MOTEN**, Heyward, and others known and unknown to the United States Attorney, knowingly devised and intended to devise a scheme and artifice to defraud and deprive the citizens and the government of North Charleston, South Carolina of their intangible right to the honest and faithful services of the North Charleston City Council through bribery and kickbacks.

30. On or about December 23, 2022, in the District of South Carolina and elsewhere, the Defendant, **DONAVAN LAVAL MOTEN**, aided and abetted by Jerome Heyward and others both known and unknown to the United States Attorney, having devised the above-described scheme and artifice to defraud and deprive by means of material false and fraudulent pretenses, representations, and promises, and by the omission of material information, and for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, that is: a $20,000 cashier's check from Core4Success account ending in 1687 to Lorenzo Financial Services LLC account ending in 2169;

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 5
## Money Laundering
### Title 18, U.S.C. Sections 1956(a)(1)(B)(i)

43. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 24 of this Information as if fully set forth herein:

44. On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendant, **DONAVAN LAVAL MOTEN**, aided and abetted by others known and unknown to the United States Attorney, knowing that the property involved in the financial transaction listed below represented the proceeds of some form of unlawful activity, which property in fact involved the proceeds of specified unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transaction set forth below knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: federal program theft and bribery in violation of Title 18, United States Code, Section 666 and honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, and the transaction affecting interstate commerce, in that **DONAVAN LAVAL MOTEN** caused funds derived from the specified unlawful activity to be transferred from an account controlled by **DONAVAN LAVAL MOTEN** to an account controlled by Rose Lorenzo, for the purpose of thereafter being transferred from the account controlled by Rose Lorenzo to an account controlled by Heyward to conceal a kickback, as set forth below:

| Count | Approximate Dates | Description |
|---|---|---|
| 5 | December 23, 2022 | Cashier's check from Core4Success account ending in 1687 to Lorenzo Financial Services LLC account ending in 2169 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

# FORFEITURE

BRIBERY/FRAUD:

Upon conviction for violation of Title 18, United States Code, Sections 371, 666, and 1343 as charged in this Indictment, the Defendants, **DONAVAN LAVAL MOTEN**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956, as charged in this Indictment, the Defendants, **DONAVAN LAVAL MOTEN**, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offenses and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment.

PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violations charged in this Indictment includes, but is not limited to, the following:

    A.    Cash Proceeds / Forfeiture Judgment:

        A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violations of 18 U.S.C. §§ 371, 666 and 1343.

B. Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violation of 18 U.S.C. § 1956.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture to the United States, as a result of any act or omission of a Defendant,

(1) Cannot be located upon the exercise of due diligence;
(2) Has been transferred or sold to, or deposited with a third party;
(3) Has been placed beyond the jurisdiction of the Court;
(4) Has been substantially diminished in value; or
(5) Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _____
Whit Sowards (Fed. ID # 11844)
Emily Evans Limehouse (Fed. ID #12300)
Assistant United States Attorneys
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.:   (843) 727-4381
Fax:   (843) 727-4443
Email: John.Sowards@usdoj.gov